## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MICHAEL SCOTT ELDER,        )
                                    )
             Petitioner,     )
vs.                             )     NO.  CIV-16-1408-HE
                                      )
JIM FARRIS, Warden,        )
                                    )
             Respondent.    )

## ORDER

Petitioner is a state prisoner seeking habeas relief under 28 U.S.C. § 2254.  He was convicted by a jury of first degree manslaughter in the District Court of Oklahoma County. He appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction and sentence in an unpublished opinion.  He later filed this case.

This matter was referred to Magistrate Judge Gary Purcell for initial proceedings. Judge Purcell has issued a report and recommendation (the "Report") recommending that the petition be denied.  Petitioner has objected to the Report, triggering *de novo* review of those matters to which objection is made.

## Standard of review

The standard for the court's review was accurately stated in the Report and petitioner does not appear to argue otherwise.  A state prisoner seeking habeas relief on the basis of a claim adjudicated on the merits in state court must meet the standards of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to

any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is deferential to the state court's determination of the disputed issues. Williams v. Taylor, 529 U.S. 362, 286 (2000). The question is not how the federal court might have resolved a question if presented with it in the first instance. Rather, the focus is whether the state court's resolution of the issue was unreasonable, a "substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

"Under § 2254(d), a habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Harrington v. Richter, 562 U.S. 86, 102 (2011). Relief is warranted only "*where there is no possibility* fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Id*. (emphasis added). The deference embodied in "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. at 102-03 (citation omitted).

## Analysis

The factual background of plaintiff's case is set forth in some detail in the Report and need not be repeated here. Petitioner's objection does not challenge the Report's description of the facts, but points to other facts he asserts are relevant and also draws different inferences from the facts described in the Report.

Petitioner challenges his conviction on five grounds: (1) insufficient evidence to support the verdict, (2) the trial court's failure to properly instruct the jury, (3) the trial court's exclusion of evidence, (4) prosecutorial misconduct, and (5) cumulative error. All five of these grounds were presented to the OCCA and rejected by it, and are hence subject to the deferential standard of review described above.

### 1.  Ground One:  Insufficient Evidence

Petitioner contends there was insufficient evidence to support the jury's rejection of his argument that he acted in self-defense, or defense of his daughter, in killing Gary Davidson. Under Oklahoma law, once a defendant admits the elements of the charge but relies on self defense as a legal justification for the killing, the state must prove beyond a reasonable doubt that the defendant did not act in self defense. Petitioner contends the state didn't meet that standard. He essentially asserts that only his own view of the facts makes sense, or at least that other inferences from those drawn by the jury make more sense. But that is not the standard in determining whether the evidence was constitutionally sufficient. Rather , the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). Further, the OCCA's determination of that question is presumed to be correct unless fairminded jurists could not view it as correct.

Here, the jury had before it testimony from petitioner's daughter that Mr. Davidson did not hit her and that he did not have a gun. There was testimony that Ms. Davidson said Mr. Davidson was crawling over the center console into the back seat at time petitioner shot him. There was ample evidence of bad blood between petitioner and Mr. Davidson. In addition, it was undisputed that petitioner was himself armed with a gun at the time he entered into the encounter with Mr. Davidson, which potentially undercut the self defense argument under Oklahoma law. From all of this, there was plainly evidence from which a rational jury could have concluded, beyond a reasonable doubt, that the killing of Mr. Davidson was not justified on the basis of self defense. The OCCA's conclusion to that effect was not unreasonable.

### 2. Ground Two: Failure to instruct on "Stand Your Ground" statute.

Petitioner contends the jury should have been instructed as to Oklahoma's "Stand Your Ground" statute, which authorizes a person to use deadly force in certain circumstances. *See* 21 OKLA. STAT. § 1289.25. Petitioner argued that he was entitled to the instruction because Mr. Davidson forcibly entered a vehicle occupied by Mrs. Davidson. The trial judge declined to give the instruction because Mr. Davidson's name was on the truck's title. The OCCA concluded that since Mr. Davidson was a titleholder of the truck, the Stand Your Ground statute did not apply

To the extent that petitioner argues the OCCA interpreted the statute incorrectly, that issue is not subject to determination here. The OCCA is itself the final authority on matters involving the interpretation of state criminal statutes, and claims based on claimed errors in such interpretations are not cognizable in federal habeas actions. *See* <u>Estelle v. McGuire</u>, 502 U.S. 62, 71-72 (1991); *see also* <u>Hogan v. Trammell</u>, 511 F. App'x 769, 776 (10th Cir. 2013) (claim of entitlement to a jury instruction under state law is not cognizable in federal habeas action). The only question on habeas review is whether the omission of the instruction violated due process. "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1357 (10th Cir. 1997). Plaintiff's showing here does not meet that standard. The jury was instructed both on self-defense and defense of others. Those defenses were fully and fairly presented to the jury. He has not shown that the omission of the Stand Your Ground instruction rendered his trial fundamentally unfair.

### 3. Ground Three: Excluding evidence of Mr. Davidson's state of mind.

Petitioner asserts his trial was fundamentally unfair because the trial judge excluded evidence that Mr. Davidson talked to his grandfather about getting a gun the day before the shooting. Petitioner argues that this evidence shows Mr. Davidson's state of mind, which he claims was material to his case. The OCCA rejected the claim, essentially concluding that since there was no evidence that petitioner knew about the conversation at the time he shot Mr. Davidson, it did not bear on petitioner's intent or knowledge at the time of the

shooting, which was the pertinent inquiry for purposes of the self defense or defense of others theories. It is difficult to fault that conclusion as a matter of customary evidence rules, but, as noted above, the question here is more limited. The question here is whether the OCCA's resolution of the evidentiary question was so incorrect as to render petitioner's trial fundamentally unfair. It plainly was not.

**4. Ground Four: Prosecutorial misconduct.**

In his direct appeal, petitioner asserted the prosecutor violated his right to a fair trial by making various comments or asking questions which were allegedly improper. Here, in his objection to the Report, petitioner focuses on a single question asked by the prosecutor at the end of cross examination: "Mr. Elder, what's the Sixth Commandment?" Petitioner argues that this question improperly injected biblical and religious doctrine into the trial.

The OCCA, in rejecting petitioner's claims based on prosecutorial misconduct, noted that some of the challenged comments were objected to at the time, with the objection sustained by the trial court and, in some instances, with curative instructions given to the jury directing them to disregard the challenged question or comment. That is exactly what happened as to the "Sixth Commandment" question. The trial judge sustained the objection to the question and, after a recess, gave a further instruction directing the jury to disregard the question. Trial Tr. vol. VIII at 243-44. The OCCA's conclusion that these steps cured any error was not unreasonable and the petitioner's trial was not rendered fundamentally unfair by the question and its treatment by the trial court.

### 5. Ground Five: Cumulative Error.

Petitioner claims that even if individual errors in his trial were harmless, these errors were not harmless in the aggregate. Petitioner raised this claim on direct appeal, and the OCCA concluded there were no errors to be aggregated.

The cumulative-error analysis applies where two or more individually harmless errors might "prejudice a defendant to the same extent as a single reversible error." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990). As the court finds no errors of constitutional magnitude here, cumulative error review is unnecessary.

### Conclusion

Petitioner fails to show that his conviction or sentence is contrary to clearly established federal law or otherwise subject to challenge under 28 U.S.C. § 2254. For the reasons stated more fully in the Report, with which the court is in substantial agreement, the Report [Doc. #22] is **ADOPTED**. Petitioner's petition for writ of habeas corpus is **DENIED**. A certificate of appealability is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE